W.D.N.Y.
06-cv-490
Arcara, J.
Schroeder, M.J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

      At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of July, two thousand ten,

Present:

        Guido Calabresi,
        Rosemary S. Pooler,
        Denny Chin,
           *Circuit Judges.*

---

*In re* Anthony D. Amaker,                         10-590-op

        *Petitioner.*

---

Petitioner, *pro se*, has filed a petition for a writ of mandamus and moves for leave to proceed *in forma pauperis*. Petitioner seeks the following relief: "For the district court to follow the law of the case doctrine[,] enforce the [preliminary] injunction and hold [an] expedited contempt hearing." As the district court docket reveals, in December 2007, the district court issued a preliminary injunction order, enjoining several New York State prison officials "from (1) precluding Plaintiffs' attendance at Nation of Islam services and classes on account of Plaintiffs' dreadlocks, and in relation thereto from (2) punishing Plaintiffs for refusing to cut their hair or refusing to change their religious affiliations." W.D.N.Y. Dkt. No. 06-cv-490 at doc. 115. In November and December 2009, Petitioner filed, in the district court, motions for a contempt order and to renew the preliminary injunction. According to one of the attached exhibits, in September 2009, the Central Office Review Committee ("CORC") denied Petitioner's grievance. The decision reads: "CORC asserts that only inmates of the Rastafarian faith may have dreadlocks. As such, CORC asserts that staff have correctly directed the grievant to remove his dreadlocks, or change his religious designation, in accordance with Department policy." *Id.* at doc. 222.

Upon due consideration, it is hereby ORDERED that the motion for leave to proceed *in forma pauperis* is GRANTED for the purpose of filing the mandamus petition. It is further ORDERED that the mandamus petition is DENIED without prejudice to renewal if the district court does not

SAO-AFB

hold a hearing and/or rule on Petitioner's pending motions within 60 days of the entry of this order. In all other respects, it is further ORDERED that the mandamus petition is DENIED with prejudice because Petitioner has not demonstrated that he lacks an adequate, alternative means of obtaining relief. *See In re von Bulow*, 828 F.2d 94, 98 (2d Cir. 1987).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

*Catherine O'Hagan Wolfe*